## WILLIAM SMITH *vs.* CHARLES E. PAIGE.

A writ of error lies to reverse a judgment of the police court of the city of Boston rendered upon a default, if there was no sufficient service upon the defendant to authorize the ren dition of judgment against him.

WRIT OF ERROR to reverse a judgment rendered in the police court of the city of Boston against the present plaintiff, in favor of the present defendant. The facts are stated in the opinion.

*E. M. Bigelow*, for the plaintiff.

*L. Mason*, for the defendant.

HOAR, J. It is very plain that there was no such service of the original writ as would justify a judgment upon default, at the first term, where the defendant had no actual notice of the pendency of the action. The defendant was absent from the Commonwealth, and did not return till after judgment was rendered; no personal service was made on him, and the action was not continued, nor any further notice given, according to the express requirements of the statute. Gen. Sts. *c.* 123, § 28; *c.* 126, § 6; *c.* 120, § 8. *Blanchard* v. *Wild*, 1 Mass. 342, and *Pike* v. *Rogers*, cited *Ib.* 343. *Leonard* v. *Bryant*, 2 Cush. 32.

Indeed, the only point much relied on by the counsel of the defendant in error seems to be that error will not lie, because a remedy is given by a writ of review. Gen. Sts. *c.* 146, § 20. But on looking at the statute, it is apparent that a writ of review is there allowed in cases where all the requisitions of the statute have been fully complied with, and yet a defendant who is out of the Commonwealth has not received actual notice. To omit the statute requirements is error.

*Judgment reversed.*